IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
IN RE: BUDEPRION XL : MDL No. 2107
MARKETING & SALES LITIGATION :
_____ :
:
THIS DOCUMENT APPLIES TO: : 09-md-2107
ALL ACTIONS :
_____ :

## ORDER

**AND NOW**, this **2ⁿᵈ** day of **July**, **2012**, upon consideration of the Parties' Joint Petition to Make Final the Preliminary Approval of the Settlement between Defendants Impax Laboratories, Inc. ("Impax") and Teva Pharmaceuticals USA, Inc. ("Teva") and the Plaintiff Class, **IT IS HEREBY ORDERED** that:

1. The published notice directed to the Plaintiff Class by the Order of this Court dated February 1, 2012 satisfies Federal Rule of Civil Procedure 23(e). The notice advised the Plaintiff Class of the pendency of the class action and the proposed settlement and afforded class members the opportunity to challenge the propriety of the settlement proposal.

2. The Plaintiff Class, defined as follows, is hereby certified under Federal Rule of Civil Procedure 23(b)(2):

   All individuals in the United States who, from 2006 to the present, purchased and/or paid-for (in whole or in part), for personal use and not for resale, bupropion hydrochloride XL (150 mg) and/or Budeprion XL (300-mg) manufactured by Impax. Excluded from the class are Defendants, any parent, subsidiary or affiliate of Defendants, and their officers, directors, and employees, who are or have been employed by Defendants, and any judicial officer who may preside over this action.

3. Plaintiffs Andrew Richards and Micki Sackler are certified as the representative of the Plaintiff Class as defined above.

4. Allan Kanner of Kanner & Whiteley, L.L.C. is designated as lead counsel for the Plaintiff Class, and Richard Golomb of Golomb & Honik, P.A. is designated as liaison counsel for the Class. Ruben Honik, Conlee Whiteley, and Gillian Wade are designated as additional Class counsel.

5. The objections to the Class Settlement and the award of Attorneys' Fees, Costs, and Service awards have been considered and are hereby rejected.

6. The Settlement as described in the Settlement Agreement dated January 6, 2012 is approved as fair, adequate, and reasonable, and the Parties are directed to carry out their respective obligations under the Settlement Agreement in accordance with their negotiated terms and conditions.

7. This action, along with all underlying actions (collectively "the MDL Actions")[1], is dismissed in its entirety on the merits, with prejudice and without costs. The members of the Plaintiff Class are deemed to have released and are hereby barred and permanently enjoined from prosecuting against Impax, Teva, their respective current

---

[1] The underlying actions consolidated in MDL No. 2107 are the following: *Anderson v. Teva Pharm. Indus. Ltd.*, Civ. A. No. 09-1200 (N.D. Tex. 2009); *Henchenski v. Teva Pharm. Indus. Ltd.*, Civ. A. No. 09-470 (M.D. Fla. 2009); *Jordan v. Teva Pharm. Indus. Ltd.*, Civ. A. No. 09-805 (S.D. AL 2009); *Kelly v. Teva Pharm. Indus. Ltd.*, Civ. A. No. 09-5348 (C.D. Cal. 2009); *Latvala v. Teva Pharm. USA, Inc.*, Civ. A. No.09-795 (S.D. Ohio 2009); *Leighty v. Teva Pharm. Indus. Ltd.*, 09-1640 (W.D. Wash. 2009); *Morgan v. Teva Pharm. Indus., Ltd.*, Civ. A. No. 09-4409 (E.D. La. 2009); *Rosenfeld v. Teva Pharm. USA, Inc.*, Civ. A. No. 09-2811(E.D. Pa. 2009); *Tims v. Teva Pharm. Indus. Ltd.*, Civ. A. No. 09-649 (N.D. Okla. 2009); and *Weber v. Teva Pharm. Indus., Ltd.*, 09-113 (E.D.N.C. 2009).

and former parents, subsidiaries, affiliates, officers, directors, employees, agents, representatives, successors, and assigns any and all statutory or common-law claims for equitable or injunctive relief that have been or could have been brought in the MDL Actions, including but not limited to any claim for restitution asserted in the Consolidated Administrative Class Action Complaint or any other statutory or common law claim for restitution related to their use of bupropion hydrochloride XL products manufactured by Impax. For avoidance of doubt, this release and bar shall not apply to any claims for personal injury.

8. All requests for relief in connection with the MDL Actions made on behalf of the individual plaintiffs named therein and not expressly granted in this Judgment are hereby denied with prejudice. Each party shall bear its own costs.

BY THE COURT:

_____
**Berle M. Schiller, J.**